**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 01-60252
Summary Calendar
Civil Docket # 1:98-CV-329-S
_____

BILLY LANSDELL,

Plaintiff-Appellant,

versus

ARAMARK UNIFORM AND CAREER APPAREL, INC., doing business as
Aratex, doing business as Aramark Linen Service,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
_____

December 7, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

The court has carefully reviewed the two issues raised by

appellant Billy Lansdell in his contractual controversy with

Aramark Uniform and Career Apparel, Inc.: Whether the district

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erroneously excluded evidence of a contract from the jury; and whether the court erroneously held certain property damage and theft claims barred by the statute of limitations.  Finding no reversible error, we affirm the judgment.

First, the district court excluded evidence of the December 17, 1992 "Greenville contract" on the basis of Appellant's answers to Requests for Admissions.  Appellant concedes that his counsel erred in admitting that all contracts between the parties had been produced.  Appellant subsequently attempted to introduce another contract which had not been produced.  He never moved to withdraw or amend the answers to the request for admissions, and therefore, the answers are conclusive under Fed. R. Civ. Pro. 36(b).  The district court did not abuse its discretion by excluding the evidence.

Second, while Lansdell concedes that the alleged negligent property damage and theft occurred more than three years before he filed suit, he contends that Aramark engaged in a continuing tort or committed acts deserving estoppel to assert the defense.  The district court rejected each of Lansdell's theories. The court found that the alleged tortious acts embody clearly definable, distinct and separate injuries to appellant's trailers and thus are not continuing violations.  The court also found that since the ongoing negotiations between Aramark and Lansdell over these damage claims were not characterized by inequity or fraud,

2

Mississippi law does not permit waiver of the statute of limitations.  <u>Mississippi Dept. of Pub. Safety v. Stringer</u>, 748 So.2d 662, 665 (Miss. 1999).  Appellant has furnished us with no factual or legal basis to disagree with the court's ruling.

**AFFIRMED.**